UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NATAYA V. BOLDEN,

        Plaintiff,

        v.

CITY OF PORTLAND, a municipal corporation; TODD GRADWAHL; and MEGAN BURKEEN.

        Defendants.

Civil No. 3:13-cv-00224-HA

OPINION AND ORDER

HAGGERTY, District Judge:

    On February 7, 2013, Nataya Bolden (plaintiff) filed a complaint alleging that the City of Portland, Portland Police Bureau (PPB) Detective Todd Gradwahl and PPB Detective Megan Burkeen (collectively "defendants") violated her rights by unlawfully searching her home, seizing her person, and seizing her property on June 28, 2012. Plaintiff also alleges that defendants violated her rights by unlawfully seizing $8,510.00 and unlawfully arresting and imprisoning her

1 - OPINION AND ORDER

on August 10, 2012. On February 6, 2014, defendants filed a Motion for Partial Summary Judgment [22]. The court finds oral argument unnecessary to rule on the current motion. For the following reasons, defendants' Motion for Partial Summary Judgment is granted in part and denied in part.

## FACTUAL BACKGROUND

On March 30, 2012, defendant Gradwahl initiated a criminal investigation of Juwuan Polk, involving the promotion of prostitution, illegal drug possession, and unlawful firearm possession. Plaintiff has known Polk for many years and was pregnant with Polk's child when Polk was imprisoned for charges related to drugs and firearms. Polk's bond was set at $8,500.00.

In the course of investigating Polk's activities, defendant Gradwahl discovered plaintiff's Facebook page. On April 24, 2012, defendant Gradwahl applied for a warrant to search and analyze five Facebook accounts, including plaintiff's. To support his warrant application, defendant Gradwahl described information that he received from Multnomah County Sheriff's Officer Sgt. Jesse Luna. Sergeant Luna listened to phone calls from Polk, who was incarcerated at the Multnomah County Detention Center (MCDC), to various females, including plaintiff. According to defendants, those calls demonstrated that Polk was operating a prostitution business and that plaintiff was promoting the business. That search warrant was signed by a Multnomah County Judge on April 24, 2012.

On June 27, 2012, defendant Gradwahl applied for a warrant to search the residence of Polk's mother and father, Julane Johnson and Joshua Polk, Jr. To support this warrant application, defendant Gradwahl explained that several women, who he suspected to be prostitutes, gave money to Polk's mother and father, as directed by Polk. Those search warrants

2 - OPINION AND ORDER

were signed on June 27, 2012 and served on the same date.

On June 28, 2012, defendant Gradwahl and Defendant Burkeen arrived at plaintiff's apartment with at least three other PPB officers. Defendants encountered plaintiff sitting outside of her apartment. Defendants' and plaintiff's accounts of the ensuing interaction differ. Defendants allege that they obtained plaintiff's consent to question her and search her apartment. Plaintiff alleges that she repeatedly proclaimed that she did not want to speak with the police officers and that she did not want them in her home. Defendants drove plaintiff and her children to a friend's house so that the interview and search could be conducted out of the children's view. Upon returning to plaintiff's apartment, defendants questioned plaintiff about Polk and her involvement in his prostitution business. Plaintiff denied being involved with prostitution at the time. Other officers searched her apartment and seized documents, bank records, and a computer tower with a power cord.

On August 10, 2012, plaintiff, then seven months pregnant, went to MCDC with $8,510.00 to pay the bond for Polk's release. The staff at MCDC notified defendants of plaintiff's attempt to post bail, and defendants Gradwahl and Burkeen arrested plaintiff in the lobby. Gradwahl and Burkeen immediately seized the money and handcuffed plaintiff. Plaintiff claims that she was injured during the arrest. Gradwahl and Burkeen escorted plaintiff to the thirteenth floor and placed her in a holding cell while they prepared an interview room. Because she was handcuffed and pregnant, plaintiff claims that she was unable to sit while in the holding cell and was unable to use the bathroom, though she desperately needed to. Defendants then interviewed plaintiff for approximately one hour before releasing her without charges.

On January 24, 2014, defendants returned plaintiff's computer tower to her without the

3 - OPINION AND ORDER

power cord, but defendants have not returned the remainder of the seized property, including the $8,510.00.

## STANDARDS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is improper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party meets its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine dispute for trial. *Id.* at 248-49. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (citations omitted).

The court must view the evidence submitted on summary judgment in the light most favorable to the non-moving party. *Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 824-25 (9th Cir. 2011). All reasonable doubt as to the existence of a genuine factual dispute should be resolved against the moving party. *MetroPCS, Inc. v. City & County of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted).

## ANALYSIS

Defendants argue that the court should grant summary judgment in defendants' favor on

several of plaintiff's claims. Specifically, defendants contend that:

1) Plaintiff's Third and Sixth Claims for Relief should be dismissed because those claims allege a violation of the Fourteenth Amendment, but only the Fourth Amendment applies to those claims.

2) Plaintiff's Seventh Claim for Relief should be dismissed because plaintiff has set forth no evidence to support her *Monell* claim.

3) Plaintiff's Eighth, Ninth, and Tenth Claims for Relief, brought pursuant to Oregon common law, should be dismissed because plaintiff failed to comply with the notice provisions of the Oregon Tort Claims Act.

4) Plaintiff's Fourth Claim for Relief, alleging unlawful arrest on August 10, 2012 in violation of plaintiff's Fourth Amendment rights, should be dismissed because defendants had probable cause to arrest plaintiff on that date.

The court will address each of defendants' arguments in turn.

**1.   Plaintiff's Third and Sixth Claims for Relief.**

In plaintiff's Second Amended Complaint, her Third Claim for Relief is titled as follows:

**Third Claim for Relief: 42 U.S.C. § 1983; Fourteenth Amendment**
Unlawful Seizure and Deprivation of Property Without Due Process

Second Am. Compl. at ¶ 58. However, in the body of the claim, plaintiff alleges that "defendants unlawfully seized and deprived Ms. Bolden of her personal papers, documents and computer on or about June 28, 2012 in violation of her Fourth Amendment rights as alleged herein . . . ." *Id.* at ¶ 59. Plaintiff's Sixth Claim for Relief is titled similarly:

**Sixth Claim for Relief: 42 U.S.C. § 1983; Fourteenth Amendment**
Unlawful Seizure and Deprivation of $8,510.00 Without Due Process

Second Am. Compl. at ¶ 72. However, in the body of the claim, plaintiff alleges that "defendant unlawfully seized and deprived Ms. Bolden of her $8,510.00 on or about August 11, 2012 [sic][1]

---

[1] Throughout plaintiff's Second Amended Complaint, she mistakenly alleges that she was arrested at MCDC on August 11, 2012. The arrest actually occurred on August 10, 2012.

5 - OPINION AND ORDER

in violation of her Fourth Amendment rights as alleged herein . . . ." *Id.* at ¶ 73.

Defendants argue that plaintiff's Third and Sixth Claims for Relief should be dismissed because plaintiff's damages rise and fall on the Fourth Amendment, not the Fourteenth Amendment as plaintiff has pleaded. In support, defendants rely on *Sanders v. City of San Diego*, 93 F. 3d 1423 (9th Cir. 1996), which held that when a seizure of property does not go beyond the traditional purpose of a seizure, to gather evidence in a criminal investigation, the seizure need not comply with the Fourteenth Amendment in addition to the Fourth Amendment.

Plaintiff does not dispute that her claims were improperly pleaded under the Fourteenth Amendment. Rather, plaintiff argues that "[b]ecause the body of Plaintiff's Second Amended Complaint pleads claims under the 4th Amendment, and because the title of Complainant's [sic] 3rd and 6th claims for relief refer to the 14th Amendment in error," the court should deny defendants' motion. Pl.'s Res. to Defs.' Mot. for Partial Summ. J. at 6.

Because the body of each claim alleges a violation of plaintiff's Fourth Amendment rights, the court will construe plaintiff's Third and Sixth Claims as alleging such violations, despite their titles. Additionally, defendants were provided notice of plaintiff's Fourth Amendment claims by the text of the Third and Sixth Claims for Relief. Pursuant to the precedent set in *Sanders*, the court finds plaintiff's Fourteenth Amendment claims redundant because she set forth the same claims under the Fourth Amendment. Therefore, defendants are granted summary judgment on plaintiff's Third and Sixth Claims for Relief as they pertain to her Fourteenth Amendment rights. However, plaintiff's Third and Sixth Claims for Relief survive as they pertain to her Fourth Amendment rights.

///

### 2. Plaintiff's Seventh Claim for Relief.

Plaintiff's Seventh Claim for Relief asserts municipal liability against defendant City of Portland by alleging that defendants' use of unlawful detainment, unlawful arrest, and unlawful imprisonment to compel plaintiff's cooperation with their investigation was a product of PPB policy and/or custom.

The theory of *respondeat superior* is not a basis for recovery against a municipality under § 1983. *Hadsell v. Sickon*, No. 08-1101-MO, 2009 WL 1362597, *5 (D. Or. May 12, 2009) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992)). To be liable under § 1983, a municipality must have a policy or custom that caused the plaintiff's injury. *Id.* (citing *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Under *Monell*, a plaintiff must prove that "(1) she was deprived of a constitutional right; (2) the [government entity] had a policy; (3) the policy amounted to deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Mabe v. San Bernardino County Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (quoting *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)).

An act performed pursuant to a "custom that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the practice is so widespread as to have the force of law." *Brown*, 520 U.S. at 404. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

7 - OPINION AND ORDER

"The custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Id.* (quoting *Monell*, 436 U.S. at 691).

Defendants contend that plaintiff has failed to set forth evidence demonstrating the existence of such a policy or any instances of similar conduct. Plaintiff responds by identifying two similar instances: the arrests of Polk's mother and father. In each instance, defendants arrested the individual, placed them in a cell, questioned them, and released each without charges. Plaintiff's identification of similar conduct on two isolated instances, with nothing more, is not sufficient to withstand summary judgment. *Compare Clemmons v. City of Long Beach*, 379 Fed. Appx. 639, 641 (9th Cir. 2010) (holding that the plaintiff's showing that the county detained the wrong person on two prior occasions was insufficient to establish that the county had an informal policy and was insufficient to withstand summary judgment), *and Meehan v. County of Los Angeles*, 856 F.2d 102 (9th Cir. 1988) (holding that proof of two additional unconstitutional assaults, standing alone, does not support a finding of liability against the county) *with Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005) (holding that a triable issue of fact existed as to whether the city had an unconstitutional policy or custom of suppressing certain political speech, because plaintiff presented the testimony of several individuals whose entry to a particular area was not permitted by numerous officers while wearing certain buttons and stickers and plaintiff presented testimony from the officer in charge who stated that the city would not permit demonstrations in the area). The instances raised by plaintiff all involve the same officers and therefore demonstrate, at most, an isolated problem - not a city policy. In other words, the facts presented by plaintiff fail to raise an inference that the relevant conduct is "standard operating procedure." *Clouthier v. County of Contra Costa*, 591

8 - OPINION AND ORDER

F.3d 1232, 1249 (9th Cir. 2010).

Although inadequacy of police training may serve as the basis for municipal liability in certain circumstances, the evidence presented by plaintiff does not support such a claim, nor can liability be predicated on the isolated sporadic events in this case. Therefore, summary judgment is granted to defendants as to plaintiff's Seventh Claim for Relief.

### 3. Notice Provisions of the Oregon Tort Claims Act

Plaintiff's Eighth, Ninth, and Tenth Claims for Relief allege violations of Oregon common law. Defendant argues that these common law claims must be dismissed because plaintiff failed to meet the notice requirements of Oregon Revised Statute (ORS) 30.275.

Pursuant to ORS 30.275, notice is required for all claims that are subject to the Oregon Tort Claims Act. Plaintiff does not dispute that her Eighth, Ninth, and Tenth Claims are subject to the Oregon Tort Claims Act and therefore subject to the relevant notice requirement. Accordingly, plaintiff was required to provide notice of her Oregon common law claims to defendant City of Portland within 180 days of her alleged injuries. ORS 30.275(2)(b). The notice requirement can be satisfied by the commencement of an action within the applicable period. ORS 30.275(3)(c).

#### a. Plaintiff's Ninth Claim for Relief.

In plaintiff's Ninth Claim for Relief, she alleges that defendants inflicted battery upon her during the August 10, 2012 arrest. In defendants' Answer to Second Amended Complaint [18], they effectively admit that plaintiff satisfied the notice requirement of ORS 30.275 with respect to plaintiff's state common law claims that are based on the events of August 10, 2012. Federal Rule of Civil Procedure 8(c) states that "[i]n responding to a pleading, a party must affirmatively

state any avoidance or affirmative defense." This Rule has been often held to mean that, if a party files a pleading, and does not include an affirmative defense therein, that defense will be considered waived. *Harrington v. City of Redwood City*, 7 Fed. Sppx. 740, 742 (9th Cir. 2001) (citing *U.S. Postal Service v. American Postal Workers Union*, AFL-CIO, 893 F.2d 1117, 1122 (9th Cir. 1990)). Because defendants did not raise the notice requirement defense in their Answer to the Second Amended Complaint, defendants waived the defense and are not permitted to raise it now or at trial. Accordingly, defendants' Motion for Partial Summary Judgment is denied as to plaintiff's Ninth Claim for Relief.

        b.      Plaintiff's Eighth Claim for Relief.

Plaintiff's Eighth Claim for Relief alleges unlawful detainment, unlawful arrest, and unlawful imprisonment pursuant to state common law. Though it is not explicitly stated in her Second Amended Complaint, the court construes this claim to pertain to both the June 28, 2012 incident and the August 10, 2012 incident. As it pertains to the August 10, 2012 incident, the court denies summary judgment for the same reasons it denied summary judgment on plaintiff's Ninth Claim for Relief, above. Defendants waived their affirmative defense regarding notice. Accordingly, summary judgment on plaintiff's Eighth Claim for Relief is denied as it pertains to the events of August 10, 2012.

In so far as plaintiff's Eighth Claim for Relief pertains to her alleged unlawful detainment on June 28, 2012, defendants did raise an lack of notice affirmative defense in their Answer. Plaintiff argues that the discovery rule applies. The discovery rule provides that the notice period begins to run when the plaintiff "knows or, in the exercise of reasonable care should know, facts that would make an objectively reasonable person aware of a substantial possibility that . . . an

10 - OPINION AND ORDER

injury occurred, the injury harmed one or more of the plaintiff's legally protected interests, and the defendant is the responsible party. *Ryan v. City of Bend*, No. 6:10-cv-06145-AA, 2013 WL 4083335, *4 (D. Or. Aug. 9, 2013) (quoting *Edwards v. State ex rel. Dep't of Human Res. Children Adult & Families Div.*, 175 P.3d 490 (Or. App. 2007).

Plaintiff argues that, based on defendants' conduct on June 28, 2012, she was led to believe that defendants had a warrant for the search and seizures. Defendants argue that plaintiff was aware of a substantial possibility that she had suffered harm to a legally protected interest on the day that the search occurred. In support of this contention, defendants argue that plaintiff's initial refusal to speak with the officers demonstrates plaintiff's knowledge of harm to a legally protected interest. However, plaintiff submitted evidence which shows that, in light of defendants' conduct, she believed that she had no choice but to comply with defendants' commands and that she was not aware that defendants did not have a warrant until after consulting her attorney in August of 2012. Bolden Decl. at ¶¶ 5, 7, 20. The lack of a search warrant is relevant to plaintiff's unlawful detention claim because plaintiff could have believed that her detainment was appropriate while a lawful search was conducted. *Michigan v. Summers*, 452 U.S. 692 (1981). If plaintiff first discovered that she suffered harm to a legally protected interest when she talked to her attorney, sometime after August 10, 2012, then she filed her Complaint within the notice period. The court must view evidence in the light most favorable to plaintiff. *Sereno-Morales v. Cascade Food, Inc.*, 819 F. Supp. 2d 1148, 1150 (D. Or. 2011) (citing *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir.1982)). Therefore, plaintiff's Eighth Claim for Relief, as it pertains to her alleged detainment on June 28, 2012, must survive summary judgment.

11 - OPINION AND ORDER

c.  Plaintiff's Tenth Claim for Relief.

Plaintiff's Tenth Claim for Relief alleges conversion of plaintiff's personal papers, documents, computer tower, and $8,510.00. This claim pertains to those seizures that occurred on June 28, 2012 and those seizures that occurred on August, 10, 2012. With respect to the seizures of June 28, 2012, the same reasoning applies as stated above regarding plaintiff's Ninth Claim for Relief. Plaintiff has set forth evidence demonstrating that defendants' conduct led her to believe that she had no choice but to comply with defendants' commands. Plaintiff also sets forth evidence suggesting that she did not discover that defendants did not have a warrant for the June 28, 2012 search until talking with her attorney, sometime after August 10, 2012. In so doing, plaintiff raised a genuine issue of material fact as to whether she lacked knowledge that she suffered harm to a legally protected interest before speaking with her attorney. Accordingly, plaintiff's Tenth Claim for Relief, as it pertains to the events of June 28, 2012, must survive summary judgment.

Additionally, Oregon's common law definition of conversion supports the denial of summary judgment on plaintiff's Tenth Claim for Relief as it pertains to the events of June 28, 2012. "To state a claim for conversion, a party must establish the intentional exercise of dominion or control over a chattel that so seriously interferes with the right of another to control it that the actor may justly be required to pay the full value of the chattel." *Mosberg v. University of Oregon*, 247 P.3d 331 (Or. App. 2011) (quotation omitted). According to a plain reading of the definition, a conversion continues as long as the party is exercising control over the property.

Both parties direct the court's attention to *Holdner v. Columbia County*, 627 P.2d 4 (Or. App. 1981), in which the Oregon Court of Appeals distinguished between repetitious discrete

12 - OPINION AND ORDER

acts and continuous torts. In *Holdner*, the plaintiff sued the county for damage to his property caused by runoff from a nearby road. The runoff was caused by repairs made in the road in 1974. The plaintiff complained to the county about the problem for three years before filing his tort claim notice in 1977 and his lawsuit in 1978. The Oregon Court of Appeals held that the repairs to the road were clearly a discrete act and any claims related to the repairs are barred by plaintiff's failure to provide timely notice. However, the court held that the tort claim notice was timely as to the ongoing failure of the county to maintain its ditches and culverts because "there is no *single* accident or occurrence giving rise to the claim." *Id*. at. 9.

Much like the court's analysis in *Holdner*, this court finds that the act of taking plaintiff's property is a singular act. However, plaintiff's conversion claim is more akin to the claim in *Holdner* for failure to maintain the county's culverts. As stated above, conversion is not defined as the singular taking of another's property, but rather the continued exercise of control over that property. In this case, the government continues to seriously interfere with plaintiff's right to control her property, as they have yet to return it. Therefore, by alleging conversion, plaintiff has alleged that the tort continues with respect to all property not yet returned. Plaintiff's personal papers, documents, computer power cord have not been returned. Defendants returned plaintiff's computer tower on January 24, 2014. Therefore, the notice period for plaintiff's conversion claims had not expired before plaintiff filed her Complaint.

In so far as plaintiff's conversion claim pertains to the events of August 10, 2012, defendants waived their notice affirmative defense, as explained above. Therefore, summary judgment as to plaintiff's Tenth Claim for Relief is denied.

///

13 - OPINION AND ORDER

4.     **Plaintiff's Fourth Claim for Relief.**

Plaintiff's Fourth Claim for Relief alleges that defendants unlawfully arrested and imprisoned her on August 10, 2012 in violation of her Fourth Amendment rights. Defendants argue that plaintiff's Fourth Claim for Relief should be dismissed because defendants had probable cause to arrest plaintiff on that date.

The Fourth Amendment requires that a warrantless arrest be based on objective probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause exists where the facts and circumstances within [the officers'] knowledge and of which [the officers] had reasonable trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed [by the person to be arrested]." *Dunaway v. New York*, 442 U.S. 200, 208 n. 9 (1979) (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) (internal citations omitted)). Probable cause is an objective inquiry, meaning the officer's subjective state of mind is not relevant in determining whether probable cause existed to support an arrest. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th cir. 2007). "Neither certainty, nor proof beyond a reasonable doubt, is required for probable cause to arrest." *United States v. Harvey*, 3 F.3d 1294, 1296 (9th Cir. 1993), *cert. denied*, 510 U.S. 1130 (1994).

In a summary judgment proceeding, the "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). In this case, defendants direct the court to several depositions and affidavits to satisfy

their initial burden that no issue of fact remains as to whether probable cause existed for plaintiff's arrest. The court bases its ruling on only one. Defendants cite a Special Report drafted by defendant Burkeen after her interview with Julane Johnson, Polk's mother. According to the Special Report, Johnson stated that Polk had multiple females working for him as prostitutes. Burkeen Aff. Ex. A at 3. Johnson explained that the money made through prostitution goes into an account that she thinks was opened by plaintiff. *Id.* On one occasion, Johnson explained that she received money from Ashley Wheeler, who she knows to be a prostitute, and gave it to plaintiff to use towards Polk's bail and attorney fees. *Id.* She also explained that other prostitutes working for Polk give money to plaintiff, who then deposits it into the account to pay bail and attorney fees. *Id.* This evidence alone is sufficient to satisfy the moving party's initial burden on summary judgment.

It is then the nonmoving party's burden to set forth specific facts showing that there is a genuine dispute for trial. *Anderson*, 477 U.S. at 248. In so doing, the nonmoving party cannot rely on denials of the adverse party's pleading. *Id.* In this case, plaintiff set forth no facts to contest the evidence in the Special Report. Instead, plaintiff merely argues that defendants failed to submit a transcript of specific comments made during jail calls that they relied on to establish probable cause. Plaintiff's only reference to the Special Report noted that Johnson also informed defendants that plaintiff is a child care provider - not a prostitute. Even if plaintiff is not a prostitute, that evidence does not contest defendants' evidence that plaintiff is handling the proceeds of Polk's prostitution business. While plaintiff sets forth several evidentiary objections, none relate to the Special Report. For these reasons, plaintiff has failed to satisfy her burden on summary judgment as to her Fourth Claim for Relief.

15 - OPINION AND ORDER

Because the court finds evidence establishing probable cause to arrest plaintiff in the Special Report, it need not rely on any evidence subject to plaintiff's evidentiary objections. Therefore, plaintiff's evidentiary objections are denied as moot.

**CONCLUSION**

Based on the foregoing, defendants' Motion for Partial Summary Judgment [22] is granted in part and denied in part. Defendants' Motion is granted as to plaintiff's Seventh and Fourth Claims for Relief. Defendants' Motion is denied as to plaintiff's Eighth, Ninth, and Tenth Claims for Relief. Defendants' Motion is granted as to plaintiff's Third and Sixth Claims for Relief, but only as they pertain to plaintiff's Fourteenth Amendment rights. Plaintiff's Third and Sixth Claims for Relief survive as they pertain to her Fourth Amendment rights.

IT IS SO ORDERED.

DATED this ____ day of March, 2014.

                                              Ancer L. Haggerty
                                              United States District Judge

Because the court finds evidence establishing probable cause to arrest plaintiff in the Special Report, it need not rely on any evidence subject to plaintiff's evidentiary objections. Therefore, plaintiff's evidentiary objections are denied as moot.

**CONCLUSION**

Based on the foregoing, defendants' Motion for Partial Summary Judgment [22] is granted in part and denied in part. Defendants' Motion is granted as to plaintiff's Seventh and Fourth Claims for Relief. Defendants' Motion is denied as to plaintiff's Eighth, Ninth, and Tenth Claims for Relief. Defendants' Motion is granted as to plaintiff's Third and Sixth Claims for Relief, but only as they pertain to plaintiff's Fourteenth Amendment rights. Plaintiff's Third and Sixth Claims for Relief survive as they pertain to her Fourth Amendment rights.

IT IS SO ORDERED.

DATED this 19 day of March, 2014.

Ancer L. Haggerty
United States District Judge